# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CALVIN WALKER (#110316)**  **CIVIL ACTION NO.**

**VERSUS**  **20-260-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## ORDER

Calvin Walker ("Plaintiff"), who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana instituted this action on or about April 30, 2020 against Darrel Vannoy, Shannon Demars, Cynthia Park, James Cruz, and Colonel Rheams ("Defendants") in their individual capacities pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges Defendants treated him with deliberate indifference because they "allowed" him to obtain a razor blade, despite being on mental health suicide watch, and to "cut his own throat."[2] In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates the defendants' participation in the alleged wrong.[3] The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[4] Plaintiff has not alleged facts regarding the specific acts or omissions of the named defendants that allegedly violated his constitutional rights. Rather, Plaintiff has only provided conclusory allegations of fault, but instead of having his lawsuit outright dismissed, Plaintiff should be given another opportunity to allege specific facts that he believes support his claims, if possible.[5] Accordingly,

**IT IS ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint on the standardized § 1983 lawsuit form stating specific facts to support his

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 5.
[3] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[5] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

claims. In this repleading, Plaintiff shall list each Defendant individually and specify the acts or omissions of each Defendant that Plaintiff believes violated his constitutional rights. Plaintiff is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit form with generalized and conclusory complaints regarding the alleged deliberate indifference of Defendants without providing specifics as to how each defendant personally violated his constitutional rights. Plaintiff's amended complaint must specifically set forth the following:

1) The specific knowledge each individual defendant had regarding Plaintiff's access to the razor blade Plaintiff contends he was "allowed" access to;

2) The specific knowledge each individual defendant had regarding Plaintiff's tendency to harm himself and how each individual defendant got that information; and

3) To the extent Plaintiff is also attempting to assert a Fourteenth Amendment violation for failure to provide legal assistance, he must state that claim in the amended complaint and state which defendant(s) are responsible for that claim.[6]

Plaintiff is placed on notice than an amended complaint entirely supersedes and takes the place of an original complaint.[7] His amended complaint will thus be the operative complaint for this lawsuit and must include all defendants, claims and facts. Plaintiff is instructed to place the cause number "3:20cv260" on the amended complaint and all documents that he files in this lawsuit. Plaintiff is also placed on notice that the lawsuit may be dismissed if he fails to timely comply with this order.

Signed in Baton Rouge, Louisiana, on January 4, 2021.

*Erin Wilder-Doomes* (signature)

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *See* R. Docs. 7 & 9.
[7] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).