# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CALVIN WALKER (#110316)**  CIVIL ACTION NO.

**VERSUS**  20-260-BAJ-EWD

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 1, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CALVIN WALKER (#110316)**                           **CIVIL ACTION NO.**

**VERSUS**                                                          **20-260-BAJ-EWD**

**DARREL VANNOY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Calvin Walker ("Plaintiff"), who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's claims against Darrel Vannoy, Shannon Demars, Cynthia Park, and James Cruz, as well as his claims arising from double-celling, be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this matter be referred to the undersigned for further proceedings on Plaintiff's sole remaining claim for monetary damages against Luke Rheams in his individual capacity for deliberate indifference.

### I.    Background

Plaintiff instituted this action against Darrel Vannoy, Shannon Demars, Cynthia Park, James Cruz, and Luke Rheams (collectively "Defendants") alleging, generally, that Defendants had violated his Eight Amendment right to be free from cruel and unusual punishment by allowing him access to a razor blade while he was a mental health patient, with which he cut his neck and throat area.[2]  Plaintiff seeks monetary relief.[3]

---

[1] R. Doc. 12.  Plaintiff previously filed a complaint and amended complaint (R. Docs. 1 & 4) but, due to the vague and conclusory allegations, he was ordered to file another amended complaint that would be the operative complaint for this suit.  R. Doc. 11.
[2] R. Doc. 12.
[3] R. Doc. 12, p. 4.

## II.    Law & Analysis

### A.  Standard of Review

Under 28 U.S.C. § 1915A, a court is required to screen actions brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity regardless of whether the prisoner is proceeding *in forma pauperis*.[4] Any claims that are frivolous or malicious; fail to state a claim on which relief may be granted; or seek monetary relief against a defendant who is immune from such relief are subject to dismissal in the screening process.[5] 28 U.S.C. § 1915(e) permits dismissal of claims on essentially the same bases where a plaintiff is proceeding *in forma pauperis*.[6]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7]  A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[8]  The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[9]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[10]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil

---

[4] 28 U.S.C. § 1915A(a).
[5] 28 U.S.C. § 1915(b).
[6] Plaintiff was granted permission to proceed *in forma pauperis* on May 4, 2020 (R. Doc. 3) so both statutes apply.
[7] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[8] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[9] *Denton,* 504 U.S. at 32.
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

2

Procedure.[11]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[12]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[15]

### B. Plaintiff has Failed to State a Claim against Darrel Vannoy, Shannon Demars, Cynthia Park, and James Cruz but has Stated a Claim Against Luke Rheams, with the Exception Noted Below

Plaintiff alleges that Defendants "allowed" him to obtain a razor blade despite knowing he was "on a mental health suicide watch and a T-code patient."[16]  Plaintiff's claim sounds in deliberate indifference to a serious medical need.[17]  In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must demonstrate that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."[18]  Whether the plaintiff has received the treatment or accommodation that he believes he should have is also not sufficient absent exceptional

---

[11] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[12] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[14] *Id.*
[15] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[16] R. Doc. 12.
[17] *See Adams v. Louisiana Dept. of Corr.*, No. 18-191, 2019 WL 1950420, at *5 (M.D. La. April 23, 2019) (analyzing inmate self-harm using the standard of deliberate medical indifference).
[18] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).

3

circumstances.[19] Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.[20] Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[21] *Farmer* lays out both an objective prong and a subjective prong.[22] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[23] Second, under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[24] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[25] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[26]

With respect to Plaintiff's claims against Vannoy, Demars, Park, and Cruz, he has failed to provide any factual allegations to indicate that these Defendants knew of Plaintiff's mental health condition and knew that he was placed in a cell with a razor blade. For example, he does not allege that Defendants had a hand in placing Plaintiff in the cell where he ultimately cut himself nor does he allege facts to indicate that these Defendants knew of the risks posed to Plaintiff yet chose to ignore those risks. Rather, Plaintiff has provided only conclusory assertions to the effect that these defendants "intentionally refused to prohibited [sic] mental health patient Calvin Walker

---

[19] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[20] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).
[21] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[22] *Id*. at 837.
[23] *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[24] *Id.*
[25] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*.
[26] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

4

from having a razor blade," that "All of the defendants herein acted with the subjected [sic] intent to cause harm to the plaintiff. They get the mental health list of all T-code mental health inmates."[27] Overall, Plaintiff's allegations against Vannoy, Demars, Park and Cruz are "[C]onclusory allegations…masquerading as factual conclusions," and are not sufficient to state a claim to prevent dismissal on screening.[28] Accordingly, these claims are subject to dismissal.[29]

Further, to the extent these Defendants are named because of their supervisory roles, Plaintiff's claims fare no better. Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that cause the plaintiff's injury.[30] An allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under 1983.[31] Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[32]

---

[27] R. Doc. 12, pp. 1 & 3.
[28] *Kirby v. Johnson*, 243 Fed Appx. 877, 880 (5th Cir. 2007) (affirming dismissal of prisoner's claims of deliberate indifference when he attempted suicide after his psychiatric medications were discontinued); *Watson v. Basse*, 539 Fed. Appx. 432, 433 (5th Cir. 2013) (affirming dismissal as frivolous of conclusory claims regarding deliberate indifference to a serious medical need); *Young v. McCain*, 760 Fed. Appx. 251, 256-57 (5th Cir. 2019) (finding conclusory allegations insufficient to state a claim for deliberate indifference).
[29] Further, although Plaintiff is *pro se*, as Plaintiff was already given an opportunity to amend after the deficiencies of his claims were explained, he should not be given further leave to amend. *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165 at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018) (courts are not required to provide unending leave to amend).
[30] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[31] *See Iqbal*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").
[32] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

The policy implemented by the supervisor must be so deficient as to be a denial of constitutional rights.[33]

Plaintiff does not provide any facts to indicate that Vannoy, Demars, Park, and Cruz were personally involved in the conduct that gave rise to the alleged constitutional violation and does not make any allegations regarding specific policies that may or may not have been in place. Further, at least with respect to Vannoy and Demars, who are the Warden and Assistant Warden at LSP, respectively, such supervisory officials generally have no personal involvement in the day-to-day care of inmates at the facilities.[34] Considering the lack of facts to indicate the personal involvement of Vannoy, Demars, Park, and Cruz and lack of allegations of unconstitutional policies implemented by any of these Defendants, they cannot be held liable pursuant to § 1983.[35]

However, with respect to Rheams, Plaintiff has pled facts to indicate that Rheams was personally involved in allowing Plaintiff to stay in a cell with a razor blade, knew Plaintiff had access to a razor blade, and ignored the risks posed, as indicated by the alleged statement by Rheams that "he did not care if the Plaintiff cut off his throat."[36] Taken as true for purposes of screening, this statement demonstrates personal involvement by, and awareness of, Rheams and is sufficient to state a claim for deliberate indifference on the face of the Complaint.[37] Accordingly, this claim should survive dismissal at this point as to Plaintiff's individual capacity claims against Rheams, only.[38]

---

[33] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).
[34] *See Hailey v. Savers,* 240 Fed. Appx. 670, 672 (5th Cir. 2007)(affirming dismissal of deliberate indifference claims against prison medical administrator because the plaintiff failed to allege specific facts to demonstrate that the administrator had personal involvement in placing the plaintiff in a job assignment that posed a substantial risk of harm or that the administrator implemented policies to physically harm the plaintiff). Vannoy and Demars are even further removed from day-to-day medical decisions than a prison medical administrator.
[35] *Lozano*, 718 F.2d at 768 (5th Cir. 1983).
[36] R. Doc. 12, p. 1.
[37] *See Adams v. Louisiana Dept. of Corr.*, No. 18-191, 2019 WL 1950420, at *5 (M.D. La. April 23, 2019).
[38] Plaintiff is only suing Rheams in his individual capacity. *See* R. Doc. 12, p. 2.

### C. Double-Celling is Not Per Se Unconstitutional

To the extent Plaintiff complains he was placed in a cell with another inmate, he cannot state a claim. Double-celling is not unconstitutional.[39] There is no constitutional right to a single cell.[40] Thus, Plaintiff's complaint that he was double-celled fails to state a claim and should be dismissed.

### D. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Potential State Law Claims

To the extent Plaintiff seeks to invoke this Court's supplemental jurisdiction on the basis that Defendants actions constituted negligence and/or unlawful conduct, this Court should decline to exercise such supplemental jurisdiction. A district court is authorized to decline supplemental jurisdiction over such claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[41] Because deliberate indifference imposes a much higher standard for liability than a negligence claim such that a different analysis is required, it is appropriate for the Court to decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's claims against Darrel Vannoy, Shannon Demars, Cynthia Park, and James Cruz, as well as Plaintiff's claim related to double-celling, be

---

[39] *See Rhodes* v. *Chapman*, 452 U.S. 337, 348 ("The double celling made necessary by the unanticipated increase in prison population did not lead to deprivations of essential food, medical care of sanitation."); *Collins v. Ainsworth*, 382 F.3d 529, 539 (5th Cir. 2004) (Overcrowding of persons in custody is not *per se* unconstitutional."); *Ruiz v. Estelle (Ruiz II)*, 666 F.2d 854, 858 (5th Cir. 1982) ("The [l]ack of space alone does not constitute cruel and unusual punishment, save perhaps the most aggravated circumstances.").
[40] *See, e.g.*, *Barber v. Quarterman*, 2010 WL 1417650 *9 (E.D. Tex.) (citing *Parker v. Currie*, 2010 WL 10924 (5th Cir. 2010) (inmate desired a single cell but was assigned to general population; no constitutional liberty interest infringed)).
[41] 28 U.S.C. § 1367.

**DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this matter be referred to the magistrate judge for further proceedings on Plaintiff's sole remaining claim, *i.e.*, Plaintiff's claim for monetary damages against Luke Rheams in his individual capacity for deliberate indifference to a serious medical need.

If this recommendation is adopted, **IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims as the sole remaining claim for deliberate indifference imposes a higher standard for liability and requires a different analysis than Plaintiff's state law claims.

Signed in Baton Rouge, Louisiana, on February 1, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**