UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN WALKER | CIVIL ACTION |
| VERSUS | |
| DARREL VANNOY, ET AL. | NO. 20-00260-BAJ-EWD |

## RULING AND ORDER

Before the Court is the Magistrate Judge's **Report and Recommendation (Doc. 13),** recommending that the Court dismiss Plaintiff's claims against Darrel Vannoy, Shannon Demars, Cynthia Park, and James Cruz, as well as Plaintiff's claim related to double-celling, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (*Id.* at p. 8–9). Additionally, the Magistrate Judge recommends that the Court refer this matter back to the Magistrate Judge for further proceedings on Plaintiff's sole remaining claim for monetary damages against Luke Rheams in his individual capacity for deliberate indifference to a serious medical need. (*Id.* at p. 9). Finally, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims because the sole remaining claim for deliberate indifference imposes a higher standard for liability and requires a different analysis than Plaintiff's state law claims. (*Id.*). There are no objections to the Report and Recommendation.

Having carefully considered the underlying Complaint and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Darrel Vannoy, Shannon Demars, Cynthia Park, and James Cruz, as well as Plaintiff's claim related to double-celling, are **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that this matter is referred to the Magistrate Judge for further proceedings on Plaintiff's sole remaining claim, *i.e.*, Plaintiff's claim for monetary damages against Luke Rheams in his individual capacity for deliberate indifference to a serious medical need.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims as the sole remaining claim for deliberate indifference imposes a higher standard for liability and requires a different analysis than Plaintiff's state law claims.

Baton Rouge, Louisiana, this 20th day of April, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA