UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CALVIN WALKER (#110316)**              **CIVIL ACTION NO.**

**VERSUS**                                **20-260-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## ORDER

Before the Court is a "Motion to Reconsider for Appointment of Counsel" ("Motion"),[1] filed by Plaintiff Calvin Walker ("Walker") who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana. Because Walker still has not shown the exceptional circumstances necessary to warrant appointment of counsel at this time, the Motion will be denied; however, Walker will be given an extension of time to file an opposition memorandum to the Motion for Summary Judgment, filed by Luke Rheams.[2]

"[T]he Federal Rules of Civil Procedure do not provide for a motion for reconsideration…."[3] Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b).[4] Where a motion does not challenge a final judgment, it is considered under Rule 54(b).[5]

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and

---

[1] R. Doc. 33.
[2] R. Doc. 34.
[3] *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a motion for reconsideration"), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir. 1994).
[4] *Shepherd,* 372 F.3d at 328 n. 1.
[5] *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018), citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

liabilities."[6]  Under Rule 54(b), "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[7]  The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects a court's inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'"[8]

This Court previously denied Walker's request for counsel noting that the "'exceptional circumstances' that would warrant requesting an attorney to represent Walker have not been established at this time."[9]  The Court found that the sole issue remaining is not factually or legally complex, and that "no other factors in *Ulmer* warrant appointment of counsel."[10]  As noted,

> the Court has the authority to "request" an attorney to represent a plaintiff under 28 U.S.C. § 1915(e)(1), and authority to order an attorney to do so in rare circumstances. In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination.[11]

Walker contends that he is now entitled to counsel because he suffers from a degenerative eye condition that causes him to be partially blind.[12]  This one "new" fact is insufficient to demonstrate that counsel should now be appointed.  First, while Walker is correct that his visual impairment has been previously acknowledged by this Court, in that case, the Court ordered inmate counsel substitute, who was assisting Walker, to appear at the pretrial conference.[13]  If Walker is still being assisted by inmate counsel substitute because of his visual impairment he can request

---

[6] Fed. R. Civ. P. 54(b).
[7] *Austin*, 864 F.3d at 336, quoting *Lavespere*, 910 F.2d at 185.
[8] *Id.* at 337, quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015); *Cabal v. Brennan*, 853 F.3d 763, 766 n. 3 (5th Cir. 2017).
[9] R. Doc. 23, p. 3.
[10] R. Doc. 23, p. 3.
[11] R. Doc. 23, p. 3.
[12] R. Doc. 33, p. 1.
[13] *Walker v. Maj. Kenneth Stewart, et al.*, Civil Action No. 08-324 (M.D. La.), R. Doc. 54.

the same accommodation in this case and the Court will determine whether that relief is appropriate under the circumstances.[14] Additionally, regardless of his current eye condition, it remains true that the case is not complex; Walker has demonstrated his ability to present relevant pleadings, motions and memoranda to move the case along, albeit with the assistance of other inmates; he has properly served the one remaining Defendant; and Walker has propounded discovery.[15]

Based on the foregoing, Walker has failed to provide adequate reason for this Court to change its previous decision regarding appointment of counsel. However, because Walker has not filed an opposition to Rheams's Motion for Summary Judgment,[16] which may have been because Walker was waiting on an order regarding this Motion, the Court will grant Walker an extension of time to file a memorandum in opposition to the pending Motion for Summary Judgment. Accordingly,

**IT IS ORDERED** that the "Motion to Reconsider for Appointment of Counsel,"[17] filed by Calvin Walker, is **DENIED**.

**IT IS FURTHER ORDERED** that should Calvin Walker wish to file a Memorandum in Opposition to the pending Motion for Summary Judgment,[18] filed by Defendant Luke Rheams, Walker shall do so by no later than **October 14, 2022**.

Signed in Baton Rouge, Louisiana, on September 15, 2022.

                                                  **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[14] The Order requiring inmate counsel substitute at the pretrial conference is dated, January 30, 2012, more than ten years ago. Since then, Walker has filed other pleadings in this Court. *See, e.g, Walker v. John Sanders, et al.*, Civil Action No. 11-759 (M.D. La.), R. Doc. 17 (Motion to Withdraw, filed March 13, 2012); *Walker v. John Sanders, et al.*, Civil Action No. 13-305 (M.D. La. (filed May 13, 2013)), in addition to his prosecution of this case.
[15] *See* R. Docs. 1, 18, 20, 24, 31, 32.
[16] R. Doc. 34.
[17] R. Doc. 33.
[18] R. Doc. 34.